**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MANUEL MANZANARES-VALENTE,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No.   20-71215, 21-1276

Agency No. A094-373-199

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026[**]
San Francisco, California

Before:  WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Juan Manuel Manzanares-Valente, a native and citizen of Mexico, petitions

for review of two orders of the Board of Immigration Appeals ("BIA"). He first

seeks review of the BIA's decision, which affirmed without opinion an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). He also petitions for review of the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

1.     Where, as here, "the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). We apply de novo review to questions of law and substantial evidence review to the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).

Substantial evidence supports the agency's denial of withholding of removal. To prevail on a withholding of removal claim, an applicant "must show, by a preponderance of the evidence, that he will face persecution on account of a protected ground if removed." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021). Here, the agency determined that Manzanares-Valente did not establish past persecution or a clear probability of future persecution and that there was no nexus between his feared harm and his family-based particular social group. Manzanares-Valente's uncle was kidnapped and killed in Mexico, and he fears that he will face similar persecution as a member of his uncle's family. Manzanares-Valente does not know why his uncle was kidnapped and killed, nor who

2

committed these acts. A family can be considered a particular social group for purposes of proving a protected ground. *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018). However, Manzanares-Valente's family members who have remained in Mexico have not faced harm, and the record does not compel the conclusion that he will more likely than not face persecution because of his family membership. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (requiring a causal nexus between the past or future persecution and the protected ground). Manzanares-Valente also argues that he will be at risk of persecution because of widespread violence in Mexico but does not offer evidence of his individualized risk. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (holding that fear of "sporadic violence that has recurred in [petitioner's] country" is insufficient to show that harm is likely for a petitioner "absent an individualized risk of persecution").

The agency's denial of CAT protection is likewise supported by substantial evidence. In support of his CAT claim, Manzanares-Valente provided general evidence of country conditions. The record did not include evidence that Manzanares-Valente himself will face harm rising to the level of torture or that the government would be likely to cause or acquiesce in his torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime" does not establish a "particular" fear of torture sufficient to

3

meet the CAT standard). Under our "highly deferential substantial evidence standard," the evidence does not compel a different conclusion than the one reached by the agency. *Smolniakova*, 422 F.3d at 1044.

2.  We review the BIA's denial of a motion to reopen for abuse of discretion. *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). The BIA abuses its discretion when it makes an error of law, or when it acts arbitrarily, irrationally, or contrary to the law. *Id*. The BIA did not abuse its discretion in denying Manzanares-Valente's motion to reopen.

Where, as here, the BIA denies a motion to reopen on the grounds that the respondent has failed to establish prima facie eligibility, it must assess whether the petitioner has demonstrated a "reasonable likelihood" that he may be entitled to relief. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). Manzanares-Valente failed to make such a prima facie showing under the reasonable likelihood standard. He applied for cancellation of removal but offered no evidence of "exceptional and extremely unusual hardship" to his children, such as a special medical, educational, or other need that may lead to such hardship if he is removed. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Manzanares-Valente asserts that the BIA failed to apply the reasonable likelihood standard, but he has not "present[ed] 'clear, affirmative evidence'" of such a failure. *Cruz v. Bondi*, 146 F.4th 730, 740 (9th Cir. 2025) (quoting *Gov't of Guam*

*v. Guerrero*, 11 F.4th 1052, 1060 (9th Cir. 2021)) (applying the presumption of regularity to BIA decisions).

3. We have limited jurisdiction to review the BIA's sua sponte denial of a motion to reopen and may do so only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Here, Manzanares-Valente requested sua sponte reopening on the belief that *Pereira v. Sessions*, 585 U.S. 198 (2018), constituted a "fundamental change in the law" that allowed him to meet the continuous physical presence requirement for cancellation of removal. The BIA considered and addressed Manzanares-Valente's argument and found that he did meet the continuous physical presence requirement but nonetheless failed to present a prima facie case for eligibility. *See Bonilla*, 840 F.3d at 585 (explaining that even if there is a "fundamental change in the law," the BIA "is not *required* . . . to reopen proceedings sua sponte"). Because the BIA's discretionary denial of sua sponte reopening did not indicate legal or constitutional error, we lack jurisdiction to review it. *Id.* at 588.

**PETITIONS DENIED.**[1]

---

[1] The temporary stay of removal remains in effect until the mandate issues. The motions for stay of removal are otherwise denied.